NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID R GONZALEZ-TURCIOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-70055

Agency No. A077-976-986

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2021
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and ANTOON,[**] District
Judge.

David Gonzalez-Turcios appeals the Board of Immigration Appeals' ("BIA"

or "Board") decision ordering him removed to Honduras. He argues the Board

erred in finding his convictions for both assault and driving under the influence

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

("DUI") were particularly serious crimes that bar immigration relief. Additionally, Gonzalez-Turcios argues the Board erred in denying him relief under the Convention Against Torture ("CAT"). We deny Gonzalez-Turcios's petition.

## I.

When considering whether a conviction was for a particularly serious crime, the BIA must "ask whether 'the nature of the conviction, the underlying facts and circumstances[,] and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community.'" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quoting *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc)). This court reviews particularly serious crime determinations for abuse of discretion. *See Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam).

Gonzalez-Turcios may have waived in this court any argument that his 2016 conviction for driving under the influence, under California Vehicle Code section 23153(a), was not a particularly serious crime. "It is well established that an appellant's failure to argue an issue in the opening brief, much less on appeal more generally, waives that issue . . . ." *Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018) (per curiam); *see also Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079 (9th Cir. 2013) (holding petitioner waived argument challenging BIA decision by "failing to argue

2

it in his brief"). Nowhere in Gonzalez-Turcios's brief does he explicitly mention this conviction, let alone address the BIA's analysis.

Despite this silence, one of Gonzalez-Turcios's allegations can be understood as a challenge to the BIA's reasoning concerning the 2016 conviction. He argues the BIA failed to consider his "mental health issues at the time when he was involved into [sic] the *incidents* leading to his *convictions*"; given the plural reference, he may be referring to both his 2014 assault conviction and his 2016 DUI conviction.

But this mental health argument, in any event, fails. The Board may consider a person's mental health as one factor in a particularly serious crime analysis. *See Gomez-Sanchez v. Sessions*, 892 F.3d 985, 993 (9th Cir. 2018). But that permission does not *require* reliance on mental health in any particular case. In this case, the BIA affirmed the IJ's conclusion that the impact of Gonzalez-Turcios's marital problems on his mental state "did not reduce the seriousness of the offense." We hold the BIA acted within its discretion in determining that mental health considerations did not affect the particularly serious crime determination in this case.

The rest of the BIA's analysis was also proper. The BIA adequately considered the nature of Gonzalez-Turcios's conviction, the underlying facts, and the sentence imposed. Relying on well-established law in this circuit, the BIA held

3

that the DUI in which another person was injured was particularly serious. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679–80 (9th Cir. 2010); *Avendano-Hernandez*, 800 F.3d at 1078. Because one such crime suffices to bar withholding of removal under the INA and CAT, we need not consider his assault conviction. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

## II.

"To qualify for deferral" of removal under CAT, Gonzalez-Turcios "must establish that he 'is more likely than not to be tortured'" if removed to Honduras. *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.17). And "the torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003)). This court reviews the Board's CAT determination for substantial evidence. *See Lopez*, 901 F.3d at 1074.

The conclusion that Gonzalez-Turcios neither has experienced past torture nor reasonably fears future torture is well supported by the record. Gonzalez-Turcios testified that when he was thirteen, gang members threatened to kill him if he did not join them. But no harm ever came to him from his refusal, and he has never been physically harmed by anyone in Honduras. The conclusion that there was no past torture is thus supported by substantial evidence. *See Nuru v.*

*Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005).

Gonzalez-Turcios also argues that he faced a particularized threat of future torture based on his association with his family members, and because he has tattoos. But Gonzalez-Turcios's relationship with the family members harmed by gangs was attenuated; Gonzalez-Turcios did not, for example, know their names. On the second point, none of his tattoos are gang-related, and nothing in the record supported the contention that non-gang-related tattoos are likely to lead to harm. Finally, there was little evidence that any harm that might occur would involve government acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016); *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

Gonzalez-Turcios's petition is **DENIED**.